

BROWN RAYSMAN MILLSTEIN
FELDER & STEINER LLP
John C. Ohman (JO 0655)
900 Third Avenue
New York, New York 10022
(212) 895-2000

*ECF CASE*

Attorneys for Plaintiff
Van Wagner Enterprises, LLC

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

VAN WAGNER ENTERPRISES, LLC,

                Plaintiff,

      v.

ALEXANDER BROWN,

                Defendant.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

Civil Action No.:

**COMPLAINT**

RECEIVED
MAY 2 1 2004
U.S.D.C. S.D. N.Y.
CASHIERS

Plaintiff Van Wagner Enterprises, LLC ("Van Wagner" or "Plaintiff"), by and through its

attorneys, Brown Raysman Millstein Felder & Steiner LLP, as and for its Complaint against

defendant Alexander Brown ("Brown" or "Defendant"), respectfully alleges as follows:

## NATURE OF THE ACTION

1.     By this action, Plaintiff seeks to enforce its rights pursuant to a certain Promissory

Note, dated August 5, 2002 (the "Note") and made by Defendant in favor of Van Wagner.

## JURISDICTION AND VENUE

2.     This Court has jurisdiction over the subject matter of this action pursuant to 28

U.S.C. § 1332(a)(2) since the matter in controversy exceeds the sum of $75,000, exclusive of

interest and costs, and is between a citizen of a State and a citizen or subject of a foreign state.

3.     Venue is proper in this Judicial District pursuant to 28 U.S.C. § 1391(a)(2) and

(a)(3) because (1) a substantial part of the events or omissions giving rise to Plaintiff's claims

herein occurred in this District and (2) Defendant is subject to the personal jurisdiction of this

Court and, upon information and belief, there is no District in which this action may otherwise be

brought.  Defendant expressly consented to the jurisdiction of this Court and to venue in New

York County pursuant to the Note that is the subject of this action, which provides, in pertinent

part, that:

> THE PARTIES HERETO IRREVOCABLY:  (I) AGREE THAT ANY SUIT, ACTION
> OR OTHER PROCEEDING ARISING OUT OF THIS AGREEMENT SHALL BE
> BROUGHT ONLY IN THE COURTS OF THE STATE OF NEW YORK OR THE
> COURTS OF THE UNITED STATES LOCATED WITHIN THE STATE OF NEW
> YORK, IN EACH CASE IN THE COUNTY OF NEW YORK, (II) CONSENT AND
> SUBMIT TO THE EXCLUSIVE JURISDICTION OF EACH SUCH COURT IN ANY
> SUCH SUIT, ACTION OR PROCEEDING, (III) WAIVE ANY OBJECTION WHICH
> THEY, OR ANY OF THEM, MAY HAVE TO PERSONAL JURISDICTION OR THE
> LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY
> OF SUCH COURTS, AND AGREE NOT TO SEEK TO CHANGE VENUE, (IV)
> WAIVE THE RIGHT TO TRIAL BY JURY IN ANY SUIT, ACTION OR OTHER
> PROCEEDING AND (V) CONSENT TO SERVICE OF PROCESS IF GIVEN IN
> WRITING.

(Emphasis in original).

## THE PARTIES

4.     Plaintiff Van Wagner is a New York limited liability company having its principal

place of business at 800 Third Avenue, New York, New York 10022.

5.     Upon information and belief, Defendant Brown is an individual domiciled in

England having addresses at: (i) 34 Devonshire Place Mews, London, England, W1G6DB, and

(ii) 7 Oldleigh Road, Leigh on Sea, Essex, England, SS9 1LB.

## FACTS

6.     On or about August 5, 2002, for value received, Brown executed and delivered to

Van Wagner a Promissory Note evidencing Brown's promise to pay to Van Wagner when due

BRMFS1 492711v1

the principal sum of £100,000 (One Hundred Thousand Great Britain Pounds) with interest thereon. (A true and correct copy of the Note is attached hereto as Exhibit A).

7.    The terms and conditions of payment of the amounts due under the Note is governed by the terms of the Note itself, as described below.

8.    The Note makes the debts thereunder due and payable upon, <u>inter alia</u>, the "termination of [Brown's] employment by or with any affiliate of [Van Wagner]."

9.    Brown's employment by Van Wagner UK Limited ("Van Wagner UK"), an affiliate of Plaintiff, was terminated on April 19, 2004.

10.    By letter dated May 11, 2004, Van Wagner gave Brown written notice (the "Notice of Demand") of (i) the maturation of the Note as of Brown's termination of employment by Van Wagner UK on April 19, 2004; and (ii) Van Wagner's intention to pursue its rights and remedies under the Note in the event Brown failed to pay the total amount due within five days. The total amount due and payable on the Note with interest accrued through May 11, 2004 was £109,042.50. (One Hundred Nine Thousand Forty Two Great Britain Pounds and 50 Pence). (A true and accurate copy of Van Wagner's Notice of Demand is attached hereto as Exhibit B).

11.    As of the date of this Complaint, Brown has not made any payments in satisfaction of the Note. Interest continues to accrue on the Note.

### AS AND FOR A CAUSE OF ACTION

12.    Plaintiff repeats and realleges each and every allegation contained in Paragraphs 1 through 11 hereof as if fully set forth herein.

13.    Pursuant to the terms and conditions of the Note, Brown was obligated to pay Van Wagner the entire amount due and payable on the £100,000 principal plus accrued interest upon the termination of Brown's employment by Van Wagner UK on April 19, 2004.

3

14.    Brown has not paid any portion of the amount due and payable under the Note as of the date of this Complaint, despite Plaintiff's demand therefor.

15.    Brown failed to comply with the terms of the Note by failing to pay the full amount due and payable on April 19, 2004.

16.    Except as set forth herein, no other action or proceeding for the recovery of the amounts due pursuant to the Note has been commenced by Van Wagner.

17.    Pursuant to the Note, Van Wagner is entitled to recover its costs, including reasonable attorneys' fees and expenses, incurred in collecting, or attempting to collect, any sums due thereunder upon Brown's default, as follows:

> Should the indebtedness or other obligations evidenced hereby or any part hereof be placed in the hands of attorneys for collection upon default, Maker agrees to pay, in addition to the principal and interest due and payable hereunder, all reasonable costs of collecting or attempting to collect such indebtedness, including, in each case, reasonable attorneys' fees and expenses.

18.    By reason of Brown's default under the Note, Van Wagner is entitled to damages in an amount not less than £100,000, together with interest through the date of judgment, attorneys' fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff Van Wagner Enterprises, LLC demands judgment in its favor against defendant Alexander Brown, as follows:

a.    Awarding Plaintiff Van Wagner Enterprises, LLC damages in an amount not less than £100,000, together with interest through the date of judgment, to be converted to United States Dollars at the rate of exchange prevailing on the date of entry of the judgment;

b.    Awarding Plaintiff Van Wagner Enterprises, LLC its attorneys' fees, costs and other expenses incurred in collecting or attempting to collect the sums due under the Note; and

BRMFS1 492711v1

c.      Awarding Plaintiff Van Wagner Enterprises, LLC such other and further relief as

the Court deems just and proper.

Dated: New York, New York
       May 21, 2004

                            BROWN RAYSMAN MILLSTEIN
                            FELDER & STEINER LLP

                    By: _____
                            John C. Ohman (JO 0655)
                            A Member of the Firm
                            900 Third Avenue
                            New York, New York 10022-4728
                            (212) 895-2000

                            Attorneys for Plaintiff
                            Van Wagner Enterprises, LLC

5

# PROMISSORY NOTE

£100,000

London, England
August 5, 2002

FOR VALUE RECEIVED, Alexander Brown (the "Maker"), does hereby promise to pay to the order of Van Wagner Enterprises, LLC, a New York limited liability company (the "VWE"), having an address at 800 Third Avenue, New York, NY 10022, or at such other place as VWE or any holder hereof (the "Payee") may from time to time designate in writing, the principal sum of One Hundred Thousand and 00/100 GREAT BRITAIN POUNDS (£100,000) due and payable upon the earlier of (i) twenty (20) years from the date hereof, (ii) Maker's sale of all or any portion of the Company's Class B Interest now owned or hereafter acquired by Maker, (iii) Maker's death or incompetency, (iv) the Bankruptcy (or its English equivalent) or (v) termination of Maker's employment by or with any affiliate of the Payee (the "Maturity Date").

Interest shall accrue on the unpaid principal sum hereof and any accrued and compounded annual interest at an annual rate equal to the "official rate" (as defined in section 160(5) of the United Kingdom Income and Corporation Taxes Act 1988) published by the United Kingdom Inland Revenue from time to time.  Interest shall accrue (and compound annually) commencing on the date hereof through and including the Maturity Date and shall be payable together with principal.  Interest for any partial month shall be calculated on the basis of a three hundred sixty (360) day year.

All capitalized terms used but not defined herein which are defined in the Company's Operating Agreement, dated as of June 28, 2002, between the Payee and the other signatories thereto, including the Maker, shall have the same meanings herein as are ascribed to such terms in the Operating Agreement.

This Note may be prepaid in whole or in part, at any time and from time to time, at the option of the Maker, without premium or penalty.

Any failure to pay the principal or interest hereunder when due shall be an "Event of Default."  Upon the occurrence of an Event of Default, in addition to all rights and remedies of the Payee under applicable law or otherwise, all such rights and remedies being cumulative, not exclusive and enforceable alternatively, successively and concurrently, at its option, Payee may declare any or all of Maker's obligations, liabilities and indebtedness owing to the Payee hereunder to be due and payable, whereupon the then unpaid balance hereof together with all interest accrued thereon, is due and payable.  Upon an Event of Default, Maker agrees that the Payee or any of its affiliates, including Van Wagner Communications, LLC, may set off, appropriate and apply any and

all amounts otherwise due or owing to Maker as a distribution or otherwise from Payee or its affiliates against Payee's obligations hereunder.

Should the indebtedness or other obligations evidenced hereby or any part hereof be placed in the hands of attorneys for collection upon default, Maker agrees to pay, in addition to the principal and interest due and payable hereunder, all reasonable costs of collecting or attempting to collect such indebtedness, including, in each case, reasonable attorneys' fees and expenses.

Maker hereby waives presentment, demand, notice of demand, protest and notice of protest, dishonor, extension and nonpayment hereof.

All payments hereunder on account of principal and interest or otherwise shall be made to the Payee in lawful money of the United Kingdom. If any payment of principal or interest falls due on a Saturday, Sunday or public holiday in New York, then such due date shall be extended to the next succeeding full business day in New York and interest shall be payable during such extension.

If any term or provision of this Note shall be held invalid, illegal or unenforceable, the validity of all other terms and provisions in no way shall be affected thereby.

This Note shall be governed by and construed, and all rights and obligations hereunder determined, in accordance with the laws of the State of New York and the United States of America without regard to conflict of laws principles, may not be changed, modified, amended or terminated except by an agreement in writing signed by Maker and Payee, and shall be binding upon the successors and assigns of Maker and inure to the benefit of Payee, its successors, legal representatives, distributees, endorsees and assigns. **THE PARTIES HERETO IRREVOCABLY: (I) AGREE THAT ANY SUIT, ACTION OR OTHER PROCEEDING ARISING OUT OF THIS AGREEMENT SHALL BE BROUGHT ONLY IN THE COURTS OF THE STATE OF NEW YORK OR THE COURTS OF THE UNITED STATES LOCATED WITHIN THE STATE OF NEW YORK, IN EACH CASE IN THE COUNTY OF NEW YORK, (II) CONSENT AND SUBMIT TO THE EXCLUSIVE JURISDICTION OF EACH SUCH COURT IN ANY SUCH SUIT, ACTION OR PROCEEDING, (III) WAIVE ANY OBJECTION WHICH THEY, OR ANY OF THEM, MAY HAVE TO PERSONAL JURISDICTION OR THE LAYING OF VENUE OF ANY SUCH SUIT, ACTION OR PROCEEDING IN ANY OF SUCH COURTS, AND AGREE NOT TO SEEK TO CHANGE VENUE, (IV) WAIVE THE RIGHT TO TRIAL BY JURY IN ANY SUIT, ACTION OR OTHER PROCEEDING AND (V) CONSENT TO SERVICE OF PROCESS IF GIVEN IN WRITING.**

Any failure by the Payee to exercise any right hereunder shall not be construed as a waiver of the right to exercise the same or any other rights hereunder at any time.

IN WITNESS WHEREOF, the Maker has executed the foregoing instrument as of the day and year first written above.

By: _____
Alexander Brown

Exhibit B



**VanWagner**

May 11, 2004

**<u>Via Facsimile, Federal Express and By Hand</u>**

Alexander Brown
34 Devonshire Place Mews
London
W1G 6DB

7 Oldleigh Road
Leigh on Sea
Essex
SS9 1LB

### <u>NOTICE OF DEMAND</u>

  Re: Promissory Note dated August 5, 2002 payable to the order of Van Wagner Enterprises,
    LLC ("<u>Lender</u>") by Alexander Brown (the "<u>Borrower</u>") in the principal sum of
    £100,000 (the "<u>Note</u>").

Dear Mr. Brown:

    Pursuant to the terms of the Note, upon the termination of your employment with Van
Wagner UK Limited (the "<u>Company</u>"), the entire principal amount of and all accrued interest on
the Note is immediately due and payable.  Your employment with the Company was terminated
on April 19, 2004.

    ACCORDINGLY, PLEASE TAKE NOTICE THAT LENDER HEREBY DEMANDS
IMMEDIATE PAYMENT IN FULL BY BORROWER OF THE OUTSTANDING PRINCIPAL
BALANCE OF THE NOTE PLUS ALL ACCRUED AND UNPAID INTEREST AND ALL
OTHER AMOUNTS DUE THEREUNDER.

    As of the date hereof, the outstanding principal balance plus accrued interest due under
the Note is £109,042.50.  Interest on the outstanding principal balance of the Note shall continue
to accrue at the applicable rate until the entire principal balance of the Note, accrued interest
thereon and all other amounts, including costs and other charges, are paid in full.

    IF SUCH UNPAID AMOUNTS ARE NOT PAID WITHIN FIVE DAYS OF THE
DATE HEREOF, LENDER INTENDS TO, AND RESERVES ALL RIGHTS TO, PURSUE

**VAN WAGNER ENTERPRISES, LLC**
800 Third Avenue, New York, New York 10022-7604
Tel: (212) 699-8400  Fax: (212) 986-0927

Alexander Brown
May 11, 2004
Page 2 of 2



## Van Wagner

ALL RIGHTS AND REMEDIES TO WHICH LENDER IS ENTITLED UNDER THE NOTE, AT LAW, IN EQUITY OR OTHERWISE.

The foregoing does not constitute a waiver of any term, provision, condition, covenant or agreement contained in the Note, nor shall it (i) operate as a waiver of any right, remedy, power or privilege thereunder; (ii) prejudice or preclude any other or further exercise thereof or the exercise of any right or remedy provided by law, in equity or otherwise; (iii) prejudice or preclude any other or further exercise of any right or remedy provided by the Note; (iv) entitle Borrower to any other or further notice or demand whatsoever; or (v) in any way modify, change, impair, affect, diminish or release any liability of Borrower under or pursuant to the Note.

Very truly yours,

Van Wagner Enterprises, LLC

By: _____
Name: Mark Johnston
Title: Principal

cc:     Steven S. Pretsfelder
        Brown Raysman Millstein Felder & Steiner LLP
        900 Third Avenue, New York, NY 10022

        Michael Ellis
        Dewey Ballantine LLP
        1 Undershaft
        London
        EC3A 8LP

        Meriel Schindler
        Withers LLP
        BY FAX: +44 207 597 6543

        Jordan Schaps
        Van Wagner UK Limited
        5-7 Carnaby Street
        London
        W1 F9PB

BRMFS1 489951v1