MCGUIREWOODS LLP
Richard L. Jarashow (3217)
Hollis Gonerka Bart (8955)
1345 Avenue of the Americas
New York, New York 10105
(212) 548-2100
*Attorneys for Defendant*
*Alexander Brown*

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

VAN WAGNER ENTERPRISES, LLC

             Plaintiff,

v.

ALEXANDER BROWN,

             Defendant.

---

Civil Action No.: 04CV3882 (VM)

**INTIAL DISCLOSURES**

Defendant Alexander Brown ("Brown"), by and through its attorneys, McGuireWoods LLP, makes the following Initial Disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure, which such disclosures are made without waiver of his right to supplement, delete, or modify them, as further information is developed during discovery.

A. **The Name And, If Known, The Address And Telephone Number Of Each Individual Likely To Have Discoverable Information That The Disclosing Party May Use To Support Its Claims Or Defenses Unless Solely For Impeachment.**

In addition to other potential witnesses identified in plaintiff's Initial Disclosures dated October 6, 2004 and in discovery responses of plaintiff and companies affiliated with plaintiff (collectively, the "Van Wagner Entities"), the following individuals have discoverable information that Brown may use to support his claims and defenses:

| | |
|---|---|
| **Alexander Brown**<br>74 Undercliff Gardens<br>Leigh on Sea<br>Essex SS9 1ED, United Kingdom<br>011447821859530 | Brown has personal knowledge of (1) the allegations that plaintiff has asserted in this action and in a related action which Van Wagner Communications, LLC (VWC") commenced against Brown in the New York State Supreme Court of New York companies (the "State Court Action"); (2) the facts made the basis of Brown's Answer |

|  | and Counterclaim; (3) Brown's right to indemnification from Van Wagner Twelve Holdings, LLC, a Van Wagner Entity ("VW Twelve") for the fees and costs incurred in defending plaintiff's claims in this action and in the State Court Action and in enforcing his rights against VWE and the various Van Wagner Entities. |
|---|---|
| **Richard Schapps**<br>c/o Van Wagner Enterprises, LLC<br>800 Third Avenue, 28th Floor<br>New York, New York  10022<br>(212) 699-8400 | Mr. Schapps has personal knowledge of (1) the allegations plaintiff has asserted in this action and in the State Court Action, each of which are believed to have been commenced at the direction of and/or with full knowledge of Mr. Schapps; (2) the facts made the basis of Brown's Answer and Counterclaim, including without limitation the oral and written agreements made by plaintiff and Mr. Schapps that the full amounts due under the promissory notes made the basis of this action and the State Court Action (the "Notes") would be satisfied solely through a non-cash offset against the sale of Brown's ownership interest in one of the VW Affiliates (the "Class B Interest"); (3) Brown's right to indemnification from VW Twelve for the fees and costs incurred in defending plaintiff's claims in this action and in the State Court Action and in enforcing his rights against VWE and the various Van Wagner Entities. |
| **Charles Hamlin**<br>(Address Unknown) | Mr. Hamlin is believed to have information concerning the value of the Class B Interests and the facts made the basis of Brown's Answer and Counterclaim, including without limitation the oral and written agreements made by plaintiff and Mr. Schapps that any amounts owed by employees of the Van Wagner Entity in the United Kingdom ("VW UK") to plaintiff or to any of the Van Wagner Entities would be satisfied solely through a non-cash offset against the proceeds from the sale of their Class B Interests, and Mr. Hamlin's exercise of the same offset right being demanded by Brown. |
| **Kevin Shute**<br>c/o Van Wagner UK Limited<br>5-7 Carnaby Street<br>London, England  W1F 9PB<br>011442074943377 | Mr. Shute is believed to have information concerning the facts made the basis of Mr. Brown's Answer and Counterclaim, including without limitation the oral and written agreements made by plaintiff and Mr. Schapps that any amounts owed by employees of VW UK to plaintiff or to any of the Van Wagner Entities would be satisfied solely through a non-cash offset against the proceeds from the sale of their Class B Interests. |

B.  **Description By Category And Location Of, All Documents, Data Compilations, And Tangible Things That Are In The Possession, Custody, Or Control Of The Party And That The Disclosing Party May Use To Support Its Claims Or Defenses, Unless Solely For Impeachment.**

1.  Copies of the Notes and demand letters attached to the complaints filed in this action and in the related action and documents relevant to Brown's defenses and counterclaims in this action as are attached as exhibits to Brown's Answer and Counterclaim and certain documents pertaining to his right to indemnification are in the possession, custody or control of Brown.

2.  Other documents relevant to the defenses and counterclaims set forth in Brown's Answer and Counterclaim, the value of Brown's Class B Interest and Brown's right to indemnification as a member of VW Twelve are in the possession, custody and control of plaintiff and the various Van Wagner Entities.

3.  Documents relevant to the defenses and counterclaims set forth in Brown's Answer and Counterclaim are also believed to be in the possession of Charles Hamlin, including the value of Brown's Class B Interest.

C.  **A Computation Of Any Category Of Damages Claimed By The Disclosing Party.**

With respect to Brown's claim for damages in his Answer and Counterclaim, Brown cannot calculate specifically the damages he has incurred, and will continue to incur, as a result of the wrongful actions of plaintiff and the Van Wagner Entities because documentation relevant to the valuation of his Class B Interest is in the possession, custody and control of plaintiff and the Van Wagner Entities. Although Brown duly exercised his right as a member of VW Twelve to obtain access to such information by serving a demand in July 2004 for inspection pursuant to Section 7 of the Amended and Restated Limited Liability Company Agreement of Van Wagner Twelve Holdings, LLC dated as of December 31, 2002 (the "Operating Agreement"), VW Twelve has refused, without legitimate business justification, to permit Brown to conduct the requested inspection. As such, Brown's only means of accessing information to which he is entitled to inspect and which is relevant to establishing his damages is through order of this Court and/or discovery in this action and in the related actions.

**D.    Any Insurance Agreement Under Which Any Person Carrying On An Insurance Business May Be Liable To Satisfy Part Or All Of A Judgment Which May Be Entered In The Action Or To Indemnify Or Reimburse For Payments Made To Satisfy The Judgment.**

VW Twelve, one of the Van Wagner Entities is obligated under Section 5.4 of the Operating Agreement to indemnify Brown for:

> "all losses, claims, demands, costs, damages, liabilities (joint or several), expenses of any nature (including attorneys' fees and disbursements), judgments, fines, settlements, and other amounts arising from any and all claims, demands, actions, suits, or proceedings, whether civil, criminal, administrative or investigative, in which [Brown as an] Indemnitee may be involved, or threatened to be involved, as a party or otherwise, *arising out of or incidental to* the business or activities of or relating to the Company *and any Van Wagner Entity*, regardless of whether the Indemnitee continues to be a Member, a Manager, officer, agent or the Company, or such Van Wagner Entity at the time any such liability or expenses is paid or incurred." (Emphasis added).

In addition, VW Twelve is expressly obligated under Section 5.4(b) to make advances to Brown, upon written demand, sufficient to cover all such indemnified expenses, including all attorneys' fees and costs incurred by Brown in this action and in the related actions and any fees or costs which may be awarded to the VWE in this and the related actions.

Dated:  New York, New York
        October 21, 2004


MCGUIREWOODS LLP

_____
Richard L. Jarashow (2317)
Hollis Gonerka Bart (8955)
McGuireWoods LLP
1345 Avenue of the Americas
New York, New York 10105
212.548.2100
212.715.6275 (fax)

*Counsel for Defendant
Alexander Brown*

## CERTIFICATE OF SERVICE

I, Hollis Gonerka Bart, hereby certify that on October 21, 2004 I caused to be served a true copy of the following document: Initial Disclosures via overnight courier with a copy via facsimile to:

> John C. Olman, Partner
> Brown Raysman Millstein Felder & Steiner, LLP
> 900 Third Avenue
> New York, New York 10022
> (212) 895-2900

*Hollis Bart*
Hollis Gonerka Bart