McGuireWoods LLP
1345 Avenue of the Americas
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Hollis Gonerka Bart
Direct: 212.418.0655

MCGUIREWOODS

hbart@mcguirewoods.com
Direct Fax: 212.715.6275

November 18, 2004

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-19-04




**By Hand**

Honorable Victor Marrero
United States District Judge
United States Courthouse
40 Centre Street, Suite 414
New York, New York 10007

Re: *Van Wagner Enterprises, LLC v. Alexander Brown*, Civil Action No. 04 CV 3882

Dear Judge Marrero:

This firm represents Defendant Alexander Brown in the above-referenced action. In accordance with Article II(A) of the Court's Individual Practices, we are writing to request a pre-motion conference at which we would like to seek the Court's guidance on filing a motion to dismiss for failure to join two necessary and indispensable parties, whose joinder would defeat diversity jurisdiction.

As detailed in the joint status report filed with the Court on September 16, 2004 (the "Joint Report")and in the Answer and Counterclaim dated August 2, 2004, Mr. Brown has answered the complaint filed by Van Wagner Enterprises ("VWE") in this action by asserting affirmative defenses and counterclaims that VWE is not entitled to a monetary judgment on the promissory note made the subject of VWE's complaint (the "Note") VWE and Van Wagner Communications, Inc. ("VWC") an affiliated company in which VWE owns the controlling interest, made repeated written and oral promises that the Note was to be satisfied through a non-cash offset against the proceeds from the sale of Mr. Brown's Class B Interest in Van Wagner Twelve Holdings, LLC ("VW Twelve"), an affiliated company in which VWC holds the controlling interest.

Neither VWC nor VW Twelve have been joined in this action, nor can they be because to do so would defeat diversity jurisdiction, the sole basis for jurisdiction in this action. As such, Mr. Brown cannot be afforded complete relief on his affirmative defenses and counterclaims to enforce his right to the offset the sale of his Class B Interests against the amounts determined to be due under the Note and to verify the manner in which VW Twelve has valued his Class B Interest. As such, Mr. Brown will be severely prejudiced if the instant action proceeds in the absence of VWC and VW Twelve and a monetary judgment for the full amount due under the Note is entered without the corresponding offset to which he is entitled under the Amended and Restated Limited Liability Company Agreement of Van Wagner Twelve Holdings, LLC (the "Operating Agreement"), and as agreed to by VWE and VWC.

Honorable Victor Marrero
November 18, 2004
Page 2

VWE does not dispute Mr. Brown's right to an offset of the proceeds of the sale of his Class B Interest or that the price to be paid for that interest is to be valued in accordance with the terms and conditions of the Operating Agreement. However, as set forth in the Joint Report, it is the position of VWE that Mr. Brown's "obligation to repay the Note can and should be addressed independently of the issue relating to the repurchase of Brown's interest in VW Twelve [such that] there is no need for the joinder of VW Twelve or any other party to adjudicate the straightforward issue presented by the complaint herein."

VWE also has rejected the offer of judgment Mr. Brown tendered to VWE after the submission of the Joint Report and has indicated its intention to proceed with this Action, including discovery on the defenses Mr. Brown has set forth in his Answer and Counterclaims. As such, we request a pre-motion conference to enlist the Court's assistance in resolving the issue of preserving Mr. Brown's right to offset through the filing of a motion to dismiss for failure to join necessary and indispensable parties or by such other means as the Court deems appropriate under the circumstances of this case.

For the convenience of the Court, copies of the Joint Report and Answer and Counterclaim referenced herein are enclosed. A copy of this letter and each of the enclosures has been served on counsel for VWE via email and regular mail.

Respectfully submitted,

MCGUIREWOODS LLP

Hollis Gonerka Bart

Hollis Gonerka Bart

Enclosures

Cc: John C. Ohman, Esq. (w/encl.)
Richard L. Jarashow, Esq.

Plaintiff is directed to respond by 11-22-04 to the matters set forth herein, by letter not to exceed two pages.

**SO ORDERED:**

11-18-04
**DATE**

VICTOR MARRERO, U.S.D.J.