McGuireWoods LLP
1345 Avenue of the Americas
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Hollis Gonerka Bart
Direct: 212.418.0655

# McGuireWoods

hbart@mcguirewoods.com
Direct Fax: 212.715.6275

November 23, 2004

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 11-29-04

**Via Facsimile**

Honorable Victor Marrero
United States District Judge
United States Courthouse
40 Centre Street, Suite 414
New York, New York 10007

Re:   *Van Wagner Enterprises, LLC v. Alexander Brown*, Civil Action No. 04 CV 3882

Dear Judge Marrero:

The deficient response of Plaintiff Van Wagner Enterprises, LLC ("VWE") underscores the need for the pre-motion conference requested by our client, Defendant Alex Brown ("Brown").

Nowhere in its response does VWE explain to this Court how Brown can have complete relief on his counterclaims, which are made mandatory under the Federal Rules of Civil Procedure as a defense to the entry of a monetary judgment for the full amount due under the Note.[1] Indeed, VWE does not challenge Brown's right to a non-cash offset of the proceeds of the sale of his Class B Interest against the amounts due under the Note. Yet, nowhere does VWE address how Brown is to realize the benefit of that right if VWE is permitted to secure and enforce a judgment that does not reflect that offset right.

Nor does VWE proffer any rationale for its conclusory statement that VWC, one of the parties who represented in writing that the Note would be satisfied through a non-cash offset, and VW Twelve, the entity responsible for valuing and purchasing Brown's Class B Interest, are not indispensable parties to Brown's counterclaims.

What is more, a reading of the full text of Rule 12 confirms that the right to make a motion to dismiss for failure to join indispensable parties is expressly preserved and is timely made even if asserted at trial. F.R.Civ.P. 12(g) and (h)(2); *see also Sweetwater Rug Corp. v. J. & C. Bedspread Co.*, 198 F.Supp. 941, 943 (S.D.N.Y. 1961) ("A motion to dismiss for failure to join an indispensable party may be made either before pleading or after.") *citing* FRCP Rule 12(h), *aff'd* 299 F.2d 573 (2d Cir. 1962); *Lunsford v. Farell Shipping Line, Inc.*, 1991 US Dist LEXIS 10263 (S.D.N.Y. 1991).

---

[1] Except as otherwise provided herein, all capitalized terms shall have the meaning ascribed to them in our letter dated November 18, 2004.

Hon. Victor Marrero
November 23, 2004
Page 2

Finally, at VWE's request, the party's indicated in the Joint Report that, in light of VW Twelve's desire to purchase Brown's Class B Interest, prospects for settlement may be affected by the parties' ability to set a date for the sale and a stipulated amount under the note. To date, however, VWE has been unwilling to explore a settlement of any aspect of the various actions VWE and its affiliated companies have commenced against Brown in three separate forums, including an attempt made after the Offer of Judgment was rejected. As the status of settlement discussions is a topic made mandatory under the Court's joint status report requirements, there is nothing improper about updating that aspect of the Joint Report, particularly when done for the sole purpose of advising the Court that the need to make a defensive motion to protect Brown's right of offset now appears to be unavoidable.

Accordingly, we respectfully request that the Court schedule a pre-motion conference on these matters.

Respectfully submitted,

*Hollis Bart / Moore*
Hollis Gonerka Bart

Cc:   John C. Ohman (via facsimile and mail)

---

Request GRANTED. A motion to discuss the matters set forth herein is scheduled for 12-17-04 at 9:30 a.m.

**SO ORDERED:**

11-29-04
DATE        VICTOR MARRERO, U.S.D.J.