# BR⬢WN RAYSMAN

BROWN RAYSMAN MILLSTEIN FELDER & STEINER LLP

John C. Ohman
Partner
212-895-2290
johman@brownraysman.com

March 21, 2005

**By Hand**

Honorable Victor Marrero
United States District Judge
United States Courthouse
40 Centre Street, Suite 414
New York, New York  10007

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 3-28-05

Re: *Van Wagner Enterprises, LLC v. Alexander Brown* (Civil Action No. 04 CV 3882 (VM))

Dear Judge Marrero:

    This firm represents Plaintiff Van Wagner Enterprises, LLC ("VWE") in the above-entitled action, and we write in response to Hollis Gonerka Bart's March 18, 2005 letter on behalf of Defendant Alexander Brown requesting leave to move on an expedited basis to join parties and seek relief that are already the subject of a counterclaim and third-party action commenced by Defendant in New York Supreme Court last December.

    The pendency in another forum of Defendant's claims against Van Wagner Twelve Holdings, LLC ("VW 12") and Van Wagner Communications, LLC ("VWC") alone warrants denial of Defendant's instant application. (Copies of the Third-Party Summons and Answer, Counterclaim & Third-Party Complaint filed by Defendant in the action entitled *Van Wagner Communications, LLC v. Alexander M. Brown* (New York County Clerk's Index No. 602617) are enclosed). Somewhat perversely, Defendant contends that his proposed motion will further the interests of justice and judicial economy. But the simple truth is that, having abandoned his original strategy of seeking the dismissal of this action, Defendant now wishes to engage in a little forum shopping and further complicate what should be a straightforward action to enforce a promissory note. Holding Defendant to his original choice of forum will actually promote the interests of efficiency and economy inasmuch as New York Supreme Court already has jurisdiction over VW 12, VWC and VWE. Defendant's failure to move for relief on his indemnity claim in the more than three months that have passed since he commenced his third-party action in state court merely belies the urgency conveyed in Ms. Bart's letter; it does not afford a basis for this Court's exercise of supplemental jurisdiction over redundant and alien claims.

    Those claims are alien precisely because the sole question legitimately at issue in this case is *VWE's* entitlement to enforce a certain promissory note (the "Note") executed by Defendant in 2002 in consideration for a personal loan extended him by VWE for the purpose of

Hon. Victor Marrero
March 21, 2005
Page 2

purchasing a home in the United Kingdom. This Note has nothing to do with the promissory note executed in favor of VWC that is the subject of the pending New York Supreme Court Action in which Defendant has already asserted the third-party and other claims he now urges this Court to entertain as well. And it has nothing to do with the supposed obligation of VW 12 (under a contract to which neither VWE nor VWC are parties) to indemnify Defendant or advance his legal expenses in connection with the various lawsuits pending against him in the United States and the United Kingdom.[1] VWE is hardly to be faulted for declining to consent to the joinder of these other claims and parties just because Defendant says so -- and this Court should decline to entertain Defendant's attempt to add extraneous claims and parties here.

In the event, however, that the Court is willing to entertain Defendant's instant application, VWE intends to vigorously oppose Defendant's motion and respectfully requests that his proposed briefing schedule be modified to afford VWE (and, if the Court elects to exercise supplemental jurisdiction, VWC and VW 12) sufficient time to submit opposing papers. Having failed to move for advancement in state court for over three months since filing his third-party claims there, Defendant cannot be heard to complain about the "immediacy" or "urgency" of this issue. Despite Ms. Bart's dire -- and unsubstantiated -- characterization of Defendant's financial condition, he has continued to be aggressively represented by counsel in both the United States and the United Kingdom. It may well be that Defendant's sudden urgency has its origins, not in Defendant's ability to marshal legal counsel, but in the motion for summary judgment recently filed against him by Van Wagner UK, Ltd. in a civil action brought before the Supreme Court of England and Wales seeking damages and other relief for fraud, conspiracy to defraud, breaches of contract and breaches of fiduciary duty. (The English court today set a final briefing schedule and indicated that the hearing on the summary judgment motion would take place on the first available date after June 7, 2005). Whatever the case, Defendant has not shown that the issues raised in his proposed motion should be briefed other than in the ordinary course.

In view of the foregoing, VWE respectfully requests that the Court deny in its entirety Defendant's instant application for leave to join VW 12 and VWC as third-party defendants in this action and to seek advancement of legal expenses from VW 12 herein.

Respectfully,

John C. Ohman

**SO ORDERED:**
*A conference to discuss the matters set forth above is scheduled for 4-14-05 at 4:30 p.m.*

DATE: 3-28-05
VICTOR MARRERO, U.S.D.J.

cc:   Hollis Gonerka Bart, Esq. (Via Electronic Mail and Facsimile)

---

[1] If this Court elects to entertain the motion practice that is the subject of Defendant's instant application and exercises supplemental jurisdiction over Defendant's proposed third-party claims, VW 12 will show that Defendant is not entitled to indemnification or advancement of legal expenses on the facts of this case viewed in the light of the operative terms of the applicable contract under which Defendant presses these claims.