```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
--------------------------------X
VAN WAGNER ENTERPRISES, LLC,    :
                                :
                    Plaintiff,  :
                                :    04 Civ. 3882 (VM)
                                :
          - against -           :    DECISION AND ORDER
                                :
ALEXANDER BROWN,                :
                                :
                    Defendant.  :
--------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 4-11-05

**VICTOR MARRERO, United State District Judge.**

Plaintiff Van Wagner Enterprises, LLC ("VW Enteprises") filed this action against Alexander Brown ("Brown") to enforce a Promissory Note in the amount of £100,000 with interest, dated August 5, 2002 (the "Note"). Brown counterclaimed that he is entitled to pay his debt under the Note by means of an offset to the purchase price of an interest he holds in Van Wagner Twelve Holdings, LLC ("VW Twelve"), an affiliate of VW Enterprises. For the reasons stated below, the Court orders that further proceedings in this action be stayed.

After VW Enterprises filed the instant action, Van Wagner Communications, LLC ("VW Communications"), another affiliate of VW Enterprises, filed an action against Brown in New York County Supreme Court (the "State Action") to enforce another promissory note (the "VW Communications Note"). Brown has also counterclaimed in that action that any amounts owed under the VW Communications Note are to be paid solely from the proceeds of the sale of Brown's

1

ownership interest in VW Twelve.  VW Enterprises and VW Twelve have been joined in the State Action as third-party defendants.

Brown has requested that the Court in the instant action grant him leave to file a motion to amend his answer and counterclaim to include third-party claims and defenses against VW Communications and to file a motion for a declaratory judgment stating that VW Twelve must make advancements of Brown's legal fees in this action, as well as in the State Action and an action involving these parties on related issues pending before the High Court of Justice Chancery Division in London, England.

Both VW Enterprises and Brown agree that the additional claims and defenses that Brown wishes to bring in this case are already pending in the State Action, that the parties whom Brown seeks to join in the instant action have already been joined in the State Action, and that the two cases arise from a common nucleus of operative facts.  Although the claim that forms the basis of the instant action has not been raised in the State Action, it may easily be pled there without joining additional parties.  In contrast, further proceedings here would entail extensive motion practice merely to determine whether or not joinder of VW Communications and VW Twelve, already parties to the State Action, is proper and warranted.

"The law in this circuit is clear that a district court may stay federal proceedings to allow resolution of a similar cause of

2

action pending in state court." Clarkson Co. v. Shaheen, 544 F.2d 624, 629 (2d Cir. 1976); see also Giulini v. Blessing, 654 F.2d 189, 193 (2d Cir. 1981) ("[A] federal court is not precluded, in the exercise of its discretion, from staying proceedings in the action before it pending a decision by the state court, with a view to avoiding wasteful duplication of judicial resources and having the benefit of the state court's views." (citations omitted)).

"[T]he following factors are pertinent to a district court's decision to exercise its discretion in favor of staying proceedings before it: (1) considerations of comity; (2) promotion of judicial efficiency; (3) adequacy and extent of relief available in the alternative forum; (4) identity of parties and issues in both actions; (5) likelihood of prompt disposition in the alternative forum; (6) convenience of the parties, counsel and witnesses; and (7) possibility of prejudice to a party as a result of the stay." Carvalhosa v. Lindgren, 546 F. Supp. 228, 230 (S.D.N.Y. 1982) (quoting Universal Gypsum of Georgia, Inc. v. American Cyanamid Co., 390 F. Supp. 824, 827 (S.D.N.Y. 1975)). These factors weigh heavily in favor of staying the instant action. Because all relevant parties have already been joined in a single action before the state court, which is competent to grant complete relief on all claims and counterclaims at issue in the instant case, proceeding with the federal action at this time would needlessly duplicate the state court proceedings and generate the risk of inconsistent

outcomes. In addition, the claims at issue in this case arise exclusively under state law. Finally, neither of the parties to the federal action is likely to be prejudiced by a stay of the federal proceedings pending the outcome of the State Action, in light of the extensive motion practice that would be required prior to reaching the merits of the federal case.

For these reasons, the Court finds that the instant case should be stayed pending a resolution of the State Action. Accordingly, it is hereby

**ORDERED** that this action is stayed pending the resolution of proceedings brought by Van Wagner Communications, LLC against Alexander M. Brown before the New York County Supreme Court.

The Clerk of Court is directed to place this action on the suspense docket.

**SO ORDERED.**

Dated:   New York, New York
         April 8, 2005

Victor Marrero
U.S.D.J.

4