McGuireWoods LLP
1345 Avenue of the Americas
New York, NY 10105-0106
Phone: 212.548.2100
Fax: 212.548.2150
www.mcguirewoods.com

Richard L. Jarashow
Direct: 212.548.7016

# McGUIREWOODS

rjarashow@mcguirewoods.com
Direct Fax: 212.715.6272

July 28, 2005

**Via Facsimile**

Honorable Victor Marrero
United States District Judge
United States Courthouse
40 Centre Street, Room 414
New York, New York 10007-1581



USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7-28-05

*Van Wagner Enterprises, LLC v. Alexander Brown*, 04-CV-3882 (VM)

Dear Judge Marrero:

I submit this letter on behalf of McGuireWoods LLP ("McGuireWoods") in accordance with the Court's individual practice rules for the purpose of scheduling a pre-motion conference in advance of McGuireWoods' moving to withdraw as counsel for defendant Alexander Brown in the above referenced matter.

Defendant Alexander Brown retained McGuireWoods in this and other related cases in June, 2004.[1] In connection with Brown's retention of the firm, he signed an engagement letter whereby he agreed to pay the firm's fees and disbursements upon presentation, and if not paid in full on demand, the firm reserved the right to withdraw from representing him. Despite regular invoices for such fees and disbursements, however, they remain largely unpaid and long

---

[1] Hollis Gonerka Bart, then a partner at McGuireWoods, was the partner who commenced the firm's relationship with Brown and the principle attorney in charge of this case. Upon Ms. Bart's departure from McGuireWoods in May 2005 to join the New York office of Withers Bergman LLP, an affiliate of Withers LLP, the firm in London which referred defendant to Ms. Bart at McGuireWoods, McGuireWoods understood that instructions would shortly follow to transfer the case to Ms. Bart at Withers, with appropriate substitution of counsel. That, however, has not occurred to date.

Hon. Victor Marrero
July 28, 2005
Page 2

overdue, in substantial amounts. After numerous attempts to reach Brown regarding the outstanding account and the firm's continued representation of him, Brown called me this morning and gave me his consent to withdraw as counsel from this case and related matters. He agreed to confirm his consent in an email, though I have not received his confirmation yet.

An attorney may withdraw from a case by order of the court upon a showing of satisfactory reasons for withdrawal and the posture of the case.[2] *See* S.D.N.Y. Local Civil Rule 1.4. It is well settled that nonpayment of legal fees is a legitimate ground for withdrawal. *See Hallmark Capital Corp. v. Red Rose Collection*, 1997 WL 661146, at *2 (S.D.N.Y. Oct. 21, 1997). *See also Cower v. Albany Law School of Union University*, 2005 WL 1606057, at * 5 (S.D.N.Y. Jul. 8, 2005); *Spadola v. New York City Transit Authority*, 2002 WL 59423, at *1 (S.D.N.Y. Jan. 16, 2002). Brown's inability to pay his legal fees validates the firm's decision to move for withdrawal.

Respectfully,

Richard L. Jarashow
McGuire Woods LLP

cc:   (via first class mail and e-mail) Alexander Brown
      (via first class mail and e-mail) John C. Ohman, Esq.
      Attorney for Plaintiff
      (via first class mail and e-mail) Hollis Gonerka Bart

> Counsel may proceed to file for withdrawal by application supported by appropriate documentation complying with the Local Rules. No motion conference will be necessary.
> SO ORDERED:
> 7-28-05
> DATE    VICTOR MARRERO, U.S.D.J.

---

[2] On April 8, 2005, Your Honor ordered that the present case be stayed pending resolution of proceedings brought by plaintiff's affiliate, Van Wagner Communications, LLC, against Brown before New York County Supreme Court.