**THELEN REID BROWN RAYSMAN & STEINER** LLP

NEW YORK · SAN FRANCISCO · WASHINGTON, DC · LOS ANGELES
SILICON VALLEY · HARTFORD · NORTHERN NEW JERSEY · SHANGHAI



John C. Ohman
Partner
212 603-6784
E-mail: johman@thelen.com

May 4, 2007

**By Hand**



USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 5-7-07

Honorable Victor Marrero
United States District Judge
United States Courthouse
500 Pearl Street, Suite 660
New York, New York 10007

      Re:    *Van Wagner Enterprises, LLC v. Alexander Brown*
             Civil Action No. 04-CV-3882 (VM)

Dear Judge Marrero:

      This firm represents Plaintiff Van Wagner Enterprises, LLC ("VW Enterprises") and we write pursuant to the Court's May 16, 2006 Order directing VW Enterprises to clarify the status of this action.

Background

      As your Honor may recall, VW Enterprises commenced this action to enforce a promissory note (the "Note") executed by Defendant Alexander Brown ("Brown") in August 2002, evidencing his obligation to pay VW Enterprises the principal sum of £100,000. Mr. Brown answered, admitting that he executed the Note and asserting various affirmative defenses and a counterclaim seeking specific performance of his alleged "offset rights", monetary damages and judgment declaring that the Note is to be satisfied solely through a non-cash offset. In its reply, VW Enterprises has denied the material allegations of Mr. Brown's counterclaim, and has alleged that the Note became due and payable upon the termination of Mr. Brown's employment with Van Wagner UK. Ltd., an affiliate of VW Enterprises. VW Enterprises has also asserted several affirmative defenses, including that the counterclaim fails to state a claim upon which relief may be granted and that the causes of action contained therein are barred by estoppel, waiver, unclean hands, documentary evidence and the parol evidence rule.

Hon. Victor Marrero
May 4, 2007
Page 2

Current Status

      Mr. Brown, a resident of the United Kingdom ("UK"), continues to be the subject of an insolvency proceeding in the UK. The indebtedness arising under the Note at issue in this lawsuit is one of many issues of concern in that proceeding. While Mr. Brown's indebtedness under the Note may indeed be resolved by the UK insolvency proceeding, we cannot be sure that such proceedings will address and satisfy the claims of VW Enterprises presently before this Court. Accordingly, further proceedings are contemplated before this Court. This firm is not representing VW Enterprises or any other Van Wagner entity in connection with the UK proceedings, but we understand that an Official Receiver ("Receiver") has been appointed therein and that the Receiver's investigation into Mr. Brown's financial affairs is ongoing.

      We note that, as far as we are aware, Mr. Brown has not, to date, sought to stay this action by reason of the pendency of the insolvency proceeding abroad. (The UK proceedings did not automatically stay this action as would have been the case had Mr. Brown become the subject of a bankruptcy petition arising under the U.S. Bankruptcy Code). By endorsed letter dated May 22, 2006, the Court directed that the stay of this action continue pending resolution of the UK insolvency proceeding described above. In light of the foregoing, we respectfully request that the stay be further continued -- and this action not dismissed -- pending the resolution of the insolvency proceeding.

      In the event that your Honor declines to continue to suspend or stay this action, we request that your Honor issue an Order directing the parties to appear for a scheduling conference. Mr. Brown's counsel of record withdrew, with the Court's permission, and to date, to our knowledge Mr. Brown has not retained counsel to represent him in this action. We are forwarding a copy of this letter to him in the UK as a courtesy.

      Please let us know if your Honor requires any further clarification.

Respectfully,

John C. Ohman

cc: Alexander Brown
    74 Undercliff Gardens
    Leigh on Sea, Essex
    United Kingdom, SS9 1ED
    (via Overnight Mail)

> Request GRANTED. The stay of this action previously issued by the Court shall remain in effect and the case shall continue on the Court's Suspense Docket pending the outcome of defendant's insolvency action in Britain.
>
> SO ORDERED:
>
> 5-7-07
> DATE   VICTOR MARRERO, U.S.D.J.

NY #1140391 v1